| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF RICHLAND | FOURTH JUDICIAL CIRCUIT |

Amcol Systems, Inc.,

                        Plaintiff,

vs.

Lemberg Law, LLC
and Sergei Lemberg,

                        Defendants.

Civil Action No. _____

**SUMMONS**

TO: THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer on counsel for the Plaintiff, Robert H. Williams, at the Law Offices of Rogers, Townsend, & Thomas, PC, located at 220 Executive Center Drive, Columbia, South Carolina, 29210, within thirty (30) days after the service hereof, exclusive of the day of such service, failure to answer the Complaint within the time aforesaid will result in judgment of default rendered against you for the relief demanded in the enclosed Complaint.

                                                ROGERS, TOWNSEND & THOMAS, PC

                                               _/s/ Robert H. Williams_

                                               Robert H. Williams, Esq. (SC Bar No. 077516)
                                             Francis M. Ervin, II, Esq. (SC Bar No. 70900)
                                             220 Executive Center Dr. (29210)
                                             Post Office Box 100200
                                             Columbia, SC 29202
                                             Phone: (803) 771-7900
                                             Fax: (803) 343-7017
                                             Email: Robert.Williams@rtt-law.com
                                             *Attorneys for the Plaintiff*

July 14, 2015
Columbia, SC

**EXHIBIT A**

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FOURTH JUDICIAL CIRCUIT |

| | |
|---|---|
| Amcol Systems, Inc., | Civil Action No. _____ |
| Plaintiff, | |
| vs. | COMPLAINT |
| Lemberg Law, LLC and Sergei Lemberg, | |
| Defendants. | |

COMES NOW the Plaintiff, Amcol Systems, Inc. ("AMCOL" or "Plaintiff"), by and through the undersigned counsel, and files this Complaint against the Defendants, Lemberg Law, LLC and Sergei Lemberg (collectively, "Defendants"), and in support thereof alleges the following:

## PARTIES AND JURISDICTION

1. The plaintiff, AMCOL, is a South Carolina corporation organized and existing under the laws of the state of South Carolina.

2. Upon information and belief, Defendant Lemberg Law, LLC is a Connecticut corporation organized and existing under the laws of the state of Connecticut which conducts business in Richland County, South Carolina.

3. Upon information and belief, Defendant Sergei Lemberg is a citizen and resident of the state of Connecticut, is the managing member of Defendant Lemberg Law, LLC and conducts business in Richland County, South Carolina.

4. This matter arises from advertising activities by Defendants which are specifically directed to citizens of South Carolina.

*Amcol Systems, Inc. v. Lemberg Law, LLC*
Civil Action No. _____
Page 2 of 9

5.  This Court has subject matter jurisdiction over the controversies alleged herein and personal jurisdiction over the parties, and venue is proper in this forum.

## FACTUAL ALLEGATIONS

6.  Plaintiff hereby incorporates the allegations of the forgoing paragraphs as if fully restated herein.

7.  AMCOL is a business-to-business service provider. AMCOL's services include debt collection services. In providing such services, AMCOL interacts with individual debtors. AMCOL's success in such interactions depends on the debtor's willingness to cooperate with AMCOL due to AMCOL's good reputation. If a debtor decides to pursue other options, such as declaring bankruptcy or hiring the Defendant, rather than cooperating with AMCOL to repay their debt, AMCOL loses money and its business suffers.

8.  As a provider of debt collection services, AMCOL is subject to the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA prohibits, *inter alia*, "harassment" in debt collection. FDCPA §806, 15 U.S.C. §1692(d).

9.  AMCOL's success is due in large part to its branding and the control exercised over the use of its marks. The goodwill associated with AMCOL's brand has substantial value and is recognized by the relevant consumers, including AMCOL's clients and debtors. In order to protect this valuable asset, AMCOL has filed for and obtained federal registrations for its trademarks.

10. AMCOL is the owner of U.S. Trademark Registration Number 4,575,901 for AMCOL and U.S. Trademark Registration Number 4,623,767 for AMCOL SYSTEMS (hereafter collectively, the "Trademarks").

12375555-1

*Amcol Systems, Inc. v. Lemberg Law, LLC*
Civil Action No. _____
Page 3 of 9

11. The foregoing registrations are valid, continuing, and constitute prima facie evidence of AMCOL's ownership of the Trademarks, the validity of the Trademarks, and AMCOL's exclusive right to use the Trademarks.

12. AMCOL has continuously used the Trademarks for many years and has invested substantial resources in promoting and protecting the Trademarks, such that they are well-known and famous.

13. Also due to AMCOL's longstanding use, AMCOL has also acquired common-law rights in and to the Trademarks and other related indicia.

14. Defendant Lemberg Law, LLC is a law firm which has a division focused on plaintiff's litigation against debt collectors. This operation includes an office located in South Carolina and lawyers licensed in South Carolina, and otherwise involves conducting business in Richland County, South Carolina.

15. Defendants have two websites devoted solely to soliciting potential clients to file lawsuits against debt collectors: www.stopcollector.com and www.debtbulldog.com.

16. Defendants also own and operate a "channel" on YouTube.com, which is also used to advertise their legal services and solicit potential clients. A Google search for Plaintiff's trademark, AMCOL Systems, returns this channel as one of the top results.

17. Defendants' online advertising, such as its websites and YouTube channel, contain interactive features that reveal the advertising is specifically intended to interact with residents of South Carolina. Such features include, but are not limited to, providing advice on South Carolina law, inviting South Carolina residents to identify themselves as such and contact Defendants, and advertising the availability of Defendant's services in the state of South

*Amcol Systems, Inc. v. Lemberg Law, LLC*
Civil Action No. _____
Page 4 of 9

Carolina.

18. Defendants use the terms AMCOL and AMCOL SYSTEMS in commerce and in connection with the advertising and offering of their services, including without limitation in the foregoing online advertising.

19. Defendants' use of AMCOL's trademarks is likely to result and has resulted in consumer confusion.

20. On these websites, Defendants advertise that they will provide free help to stop harassment from debt collectors and recover money from them.

21. Defendants' advertising includes knowingly and maliciously published defamatory, malicious, and injurious statements about AMCOL on Defendants' websites which have damaged AMCOL's business and reputation as well as incited debtors to sue AMCOL.

22. Defendants have published and continue to publish webpages including false and malicious statements specifically concerning AMCOL. AMCOL's name is referenced throughout the webpages.

23. Defendants invited and encouraged defamatory statements by third parties on their websites by providing comment sections on their webpages.

24. The above publications referred to Plaintiff by name throughout, and were made of and concerning Plaintiff, and were so understood by those who read the publications.

25. The defamatory publications made by Defendants were, and still are, available on the internet, are therefore widely accessible by the general public and as such are continuously republished.

26. Defendants maintain the defamatory statements on their websites despite

*Amcol Systems, Inc. v. Lemberg Law, LLC*
Civil Action No. _____
Page 5 of 9

AMCOL's requests to remove them and despite being informed that the statements regarding AMCOL are false.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

27. Plaintiff hereby incorporates the allegations of the forgoing paragraphs as if fully restated herein.

28. Plaintiff possesses and owns the two registered marks, AMCOL and AMCOL SYSTEMS.

29. Defendants, through their websites www.stopcollector.com and www.debtbulldog.com, as well as their YouTube channel, have used Plaintiff's marks in commerce, in connection with the sale, offering for sale, distribution, and advertising of Defendants' services.

30. Defendants' use of Plaintiff's trademarks is likely to and has prevented and hindered Internet users from accessing Plaintiff's services on Plaintiff's own website. Potential clients of AMCOL who encounter Defendants' online advertising are likely to be confused and deceived into believing that AMCOL's services violate applicable laws such as the FDCPA. Debtors negotiating with AMCOL who encounter Defendants' online advertising are likely to be confused and deceived into believing that AMCOL operates unfairly and even illegally, and as a result will choose to retain Defendant rather than paying their debt to AMCOL.

31. Thus, Defendants' unauthorized use of Plaintiff's trademarks infringes upon Plaintiff's rights as such use is likely to confuse and has confused the ordinary consumer as to the nature, quality, source, origin, and/or sponsorship of Plaintiff's services and has resulted in loss of business and damage to the reputation and brand of AMCOL, all to Defendants' gain.

12375555-1

*Amcol Systems, Inc. v. Lemberg Law, LLC*
Civil Action No. _____
Page 6 of 9

32. Defendants intentionally sought to induce debtors to sue AMCOL rather than to negotiate with AMCOL and settle their debts.

## SECOND CAUSE OF ACTION
## DEFAMATION

33. Plaintiff hereby incorporates the allegations of the forgoing paragraphs as if fully restated herein.

34. Defendants published and continually republished statements about AMCOL on their websites which were available to the public and potentially seen by many people. The harm is ongoing because the websites are still up and the defamatory statements remain on them.

35. Defendants state, "As of April 2013, the Better Business Bureau had given AMCOL Systems a C- rating."

36. In actuality, the Better Business Bureau has given AMCOL the highest possible rating of A+.

37. Defendants published on their website a heading titled "**Stop AMCOL Systems Harassment.**" This heading libelously suggests that AMCOL harasses debtors in violation of the Fair Debt Collection Practices Act (the "FDCPA," 15 U.S.C. §1601, et seq.).

38. On August 2, 2013, Defendants published a libelous third party comment in the comments section of their website that accuses AMCOL of calling debtors at "insane hours," calling at midnight, continuing to call until the debtor is forced to turn his phone off, and calling from India or "some Middle Eastern country where they understand little and confuse a lot."

39. On January 8, 2014, Defendants published a libelous comment on their website that accuses AMCOL of calling a debtor who is current on payments daily and asking for his

6

12375555-1

*Amcol Systems, Inc. v. Lemberg Law, LLC*
Civil Action No. _____
Page 7 of 9

bank account number so that AMCOL can "clean out [his] bank account in one fell swoop."

40. On February 5, 2014, Defendants published a libelous comment on their website that accuses AMCOL of being "awful" and of draining the debtor's account, forcing her to close her checking account

41. In addition to their own defamatory statements, Defendants are responsible for the comments published on their websites because they invited and encouraged the comments through their accusatory statements against AMCOL and promises to recover money from AMCOL.

42. Further, AMCOL is informed and believes that Defendant Lemberg authored comments under the alias "RightsGuy" which were published on several of the pages concerning AMCOL. Several aliases or commenters are in fact alter egos of and/or under the control or influence of Defendant Lemberg, e.g., the alias "RightsGuy."

43. The statements on Defendants' websites are libelous *per se*. They clearly expose Plaintiff to injury in its office, business, or occupation, and the defamatory nature of these statements is facially apparent. Defendants blatantly aver that AMCOL conducts business in an unethical and illegal manner and violates federal law.

44. The statements were published intentionally and willfully with a wanton, reckless disregard for the truth of the statements or the innuendo arising therefrom. Defendants intended to provoke readers into leaving insulting and accusatory comments about AMCOL and to encourage them to hire Defendants to sue AMCOL.

45. The statements were made with knowledge and total disregard for the truth. AMCOL contacted Defendants to request that they remove the false statements and to reiterate

*Amcol Systems, Inc. v. Lemberg Law, LLC*
Civil Action No. _____
Page 8 of 9

that the statements are false.

46. The defamatory statements clearly concern AMCOL as AMCOL was referenced repeatedly and specifically by name and address.

47. The above malicious and defamatory publications accuse AMCOL of harassing people, conducting their business poorly, and violating laws such as the FDCPA.

48. As a result of these defamatory publications, AMCOL has suffered injury to its business and reputation, including loss of potential clients and inability to resolve debt collections efforts.

### THIRD CAUSE OF ACTION
### UNFAIR TRADE PRACTICES

49. Plaintiff hereby incorporates the allegations of the forgoing paragraphs as if fully restated herein.

50. Defendants' conduct constitutes unfair and deceptive trade practices and is a violation of the South Carolina Unfair Trade Practices Act, SC Code Ann. § 39-5-10, *et seq*. Furthermore, the Defendant's conduct was willful.

51. Defendants' conduct is capable of repetition.

52. Defendants' conduct affects the public interest.

Defendants knew or should have known that their actions constituted unfair and deceptive trade practices.

53. As a direct, foreseeable, and proximate result of Defendants unfair and deceptive trade practices, Plaintiff has suffered an ascertainable loss of money.

54. AMCOL is entitled to recover its actual damages, which amount should be

*Amcol Systems, Inc. v. Lemberg Law, LLC*
Civil Action No. _____
Page 9 of 9

trebled, together with interest and attorney's fees.

**WHEREFORE,** Plaintiff respectfully requests that judgment be rendered against the Defendants as follows:

   a. Awarding an injunction against Defendants from further publishing defamatory statements against AMCOL;

   b. Actual damages in an amount to be shown at trial;

   c. Punitive damages;

   d. Awarding attorney's fees;

   e. Awarding the costs of this action; and

   f. Awarding such other and further relief as may be just and proper.

Dated: July 14, 2015

Respectfully Submitted,

_[signature]_
Robert H. Williams, Esq. (SC Bar No. 077516)
Francis M. Ervin, II, Esq. (SC Bar No. 70900)
ROGERS, TOWNSEND & THOMAS, PC
220 Executive Center Dr. (29210)
Post Office Box 100200
Columbia, SC 29202
Phone: (803) 771-7900
Fax: (803) 343-7017
Email: Robert.Williams@rtt-law.com
   *Attorneys for the Plaintiff*

9

12375555-1

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | CIVIL ACTION NUMBER: 15-CP-40-4364 |
| Amcol Systems, Inc.<br><br>                  Plaintiff,<br>vs.<br><br>Lemberg Law, LLC and Sergei Lemberg,<br><br>                  Defendants. | AFFIDAVIT OF SERVICE<br>BY MAIL |

The undersigned, being sworn says that she served the Summons and Complaint upon the Defendants, Lemberg Law, LLC and Sergei Lemberg, by placing copies of the Summons and Complaint in the United States Mail to be carried by Certified Mail, Return Receipt Requested to the said Defendants at 1100 Summer Street, Stamford, CT 06905, on July 24, 2015. The Return Receipt which is attached hereto as Exhibit A was signed by Sam Fogel and mistakenly dated July 22, 2015, which pre-dates the date of the transmittal letter sending the Summons and Complaint. As evidenced by Exhibit B, a tracking report obtained from the United States Postal Service (usps.com), the certified mail was actually delivered on July 27, 2015.

                                                                  _____
                                                                  Robyn T. Ariail

Sworn to before me this 11th day of August, 2015

_____ (L.S.)
Notary Public for South Carolina
My Commission Expires: 1/26/2022



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Sergei Lemberg, Esq.
   Lemberg Law, LLC
   1100 Summer Street
   Stamford, CT 06905

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _[signature]_   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name): Sam Fogel
C. Date of Delivery: 7/22/15

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☒ No

3. Service Type
   ☒ Certified Mail®      ☐ Priority Mail Express™
   ☐ Registered           ☒ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7014 2120 0003 9849 4350

PS Form 3811, July 2013       Domestic Return Receipt

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Rogers Townsend & Thomas, PC
Synergy Business Park
220 Executive Center Dr., Suite 109
P.O. Box 100200 (29202)
Columbia, SC  29210

RECEIVED
AUG 0 3 2015
RICOH SUPPORT SERVICES
15189.8 RBO



Exhibit B


8/11/2015                              USPS.com® - USPS Tracking®

| English | Customer Service | USPS Mobile | | Register / Sign In |

## USPS.COM

# USPS Tracking®

 **Customer Service ›**
Have questions? We're here to help.

 **Get Easy Tracking Updates ›**
Sign up for My USPS.

**Tracking Number: 70142120000398494350**

**Updated Delivery Day: Monday, July 27, 2015**

## Product & Tracking Information

**Postal Product:**     **Features:**
                                  Certified Mail™

## Available Actions

**Text Updates**

**Email Updates**

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| July 27, 2015, 12:44 pm | Delivered | STAMFORD, CT 06905 |

Your item was delivered at 12:44 pm on July 27, 2015 in STAMFORD, CT 06905.

| July 27, 2015, 9:15 am | Out for Delivery | STAMFORD, CT 06907 |
| July 27, 2015, 9:05 am | Sorting Complete | STAMFORD, CT 06907 |
| July 27, 2015, 5:41 am | Arrived at Unit | STAMFORD, CT 06907 |
| July 26, 2015, 2:54 pm | Departed USPS Facility | WHITE PLAINS, NY 10610 |
| July 26, 2015, 7:26 am | Arrived at USPS Facility | WHITE PLAINS, NY 10610 |
| July 24, 2015, 8:39 pm | Departed USPS Facility | COLUMBIA, SC 29201 |
| July 24, 2015, 7:09 pm | Arrived at USPS Facility | COLUMBIA, SC 29201 |

## Track Another Package

Tracking (or receipt) number

[                                         ]  **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**